**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

RICADO R.,[1]
Plaintiff,
v.

SOCIAL SECURITY ADMINISTRATION,
Defendant.

Case No.: 3:26-cv-00191-BTM-VET

**ORDER GRANTING MOTION TO DISMISS AND DENYING AS MOOT MOTION FOR SINGLE PAYMENT**

**[ECF NO. 6, 8]**

Pending before the Court is Defendant Social Security Administration's motion to dismiss for failure to state a claim. For the reasons stated below, the Court GRANTS the motion. (ECF No. 6.) The Court also DENIES as moot the Plaintiff's motion for payment of his funds in a single payment. (ECF No. 8.)

**I. BACKGROUND**

On June 7, 2018, the Social Security Administration (the "Agency") found that the Plaintiff was eligible for disability insurance benefits under Title II of the Social Security Act. (*See* ECF No. 1 ("Compl."), at 15.) The Agency also found that the Plaintiff's

[1] Orders in Social Security cases adjudicated in the Southern District of California "refer to any non-government parties by using only their first name and last initial." CivLR 7.1(e)(6)(b).

eligibility for the disability benefits began in 2012. (*Id.*) On May 10, 2022, the Agency determined that Plaintiff was no longer disabled. (*Id.*) The Plaintiff challenged this determination. (*Id.*) After two hearings, an Administrative Law Judge issued a fully favorable decision for the Plaintiff on September 17, 2025. (*Id.* at 25.) The Administrative Law Judge found that the Plaintiff's disability "did not end" and that his disability benefits would continue. (*Id.*)

Aside from disability benefits, the Plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act on October 21, 2021. (*Id.* at 28.) On November 18, 2021, the Agency denied the supplemental income benefits because the Plaintiff said he did "not want to file a claim" for these benefits. (*Id.*) The Plaintiff applied again for supplemental income benefits on April 26, 2023. (ECF No. 6-2, Ex. A ("Income Decision"), at 2.) On January 19, 2026, the Agency approved supplemental income benefits for the Plaintiff. (*Id.*) The Agency agreed to provide back payments to the Plaintiff as far back as May 2023. (*Id.* at 3.)

The Plaintiff argues he is owed back payments as far back as November 18, 2021, when his first application for supplemental income benefits was denied. (Compl., 10–11.)

## II. LEGAL STANDARD

The Agency moves to dismiss the Plaintiff's case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). When reviewing a motion to dismiss, the Court will "take all allegations of material fact as true and construe them in the light most favorable to" the Plaintiff, the nonmoving party. *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). The Plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court may dismiss under Rule 12(b)(6) when a complaint fails to plead a cognizable legal theory or sufficient facts to support a legal claim. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019).

## III. DISCUSSION

An applicant for supplemental income benefits "must generally proceed through a four-step process before they can obtain review from a federal court." *Smith v. Berryhill*, 587 U.S. 471, 475–76 (2019). First, an applicant must ask the Agency for an initial decision on his eligibility. *See* 20 C.F.R. § 416.1400(a). Second, he must request reconsideration of the initial decision. *Id.* Third, he must request a hearing in front of an Administrative Law Judge. *Id.* Fourth, he must ask the Appeals Council to review the Administrative Law Judge's decision. *Id.* Once these four steps are complete, the Agency has made its final decision. *Id.* An applicant may then file a claim in federal district court to challenge the Agency's "final decision." 42 U.S.C. § 405(g). The Court may not review an applicant's claim against the Agency's final decision through any other process. *Id.* § 405(h) ("No . . . decision . . . shall be reviewed . . . except as herein provided."). In other words, an applicant must "exhaust" the four-step process before he can file in federal court.

A federal court may waive the exhaustion requirement and review the claim if the applicant "asserts colorable constitutional claims." *Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001); *see also Global Rescue Jets v. Kaiser Found. Health*, 30 F.4th 905 (9th Cir. 2022). A colorable claim "must have both legal and factual support." *Myers v. U.S. Parole Comm'n*, 813 F.2d 957, 960 (9th Cir. 1987). The mere allegation of a constitutional violation is "not sufficient to raise a 'colorable' constitutional claim." *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). Rather, a plaintiff must allege "facts sufficient to state a violation." *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000).

Here, the Plaintiff filed his claim in this Court before exhausting the four-step process. The Agency has made an initial decision on the Plaintiff's eligibility, awarding him benefits dating back to May 2023. (Income Decision, 2–3.) The Agency informed the Plaintiff that he may proceed to step two and request a "reconsideration" of this decision. (*Id.* at 7.) The Plaintiff has not done so. Because the second, third, and fourth steps have not been completed, the Agency has not made a final decision. Without a final decision to review, the Court cannot review the Plaintiff's claim against the Agency.

Furthermore, the Plaintiff's exhaustion requirement is not waived because he has not presented a colorable constitutional claim. The Plaintiff argues that the "(ADA) Law," the Americans with Disabilities Act, "defends the rights of disabled people" and that the denial of the supplemental income benefits "causes irreparable harm to the [applicant] and their families." (Compl., 5.) He also argues that "discriminatory and abusive [Agency] employees continue to refuse to pay . . . the retroactive payment" dating back to November 18, 2021. (*Id.* at 10.) He claims this is "an abuse of power and a serious violation of the constitution." (*Id.* at 6.) But these and other statements made in the Complaint are not factual allegations. The statements are mere assertions of misconduct, not allegations of "well-pleaded facts" that state a claim to relief "plausible on its face." *Iqbal*, 556 U.S. at 678. The Court does not find that the Plaintiff's claims raise a colorable constitutional claim.

The Plaintiff has not exhausted the review process for the Agency. He has also not alleged a colorable constitutional claim that would allow the Court to waive the exhaustion requirement. Therefore, the Court cannot review the Plaintiff's case. His claims against the Agency are dismissed without prejudice.

The Court conditionally denies the Plaintiff leave to amend his complaint. Because the Plaintiff does not indicate in response to the motion to dismiss that he has some facts to allege that would show a plausible constitutional claim, leave to amend would be futile and just delay his claim for benefits back to November 2021. The best procedure is for the Plaintiff to pursue the administrative claim process. If he loses, he can appeal to this Court. Nonetheless, if the Agency declines to extend the Plaintiff's time to request further review, the Plaintiff will be unable to pursue further remedies with the Agency. In that case, the Court will grant the Plaintiff leave to amend his complaint. The Plaintiff may file a motion to reopen the case and amend his complaint at that time.

//

//

//

## IV. CONCLUSION

For the reasons stated above, the Agency's motion to dismiss is **GRANTED**. (ECF No. 6.) The Plaintiff's claims are **DISMISSED** without prejudice. Leave to amend is conditionally **DENIED**, subject to the Agency's decision to extend the Plaintiff's request for further review. The Plaintiff's motion for payment of his funds in a single payment is **DENIED** as moot. (ECF No. 8.) The Clerk shall enter a final judgment dismissing this case without prejudice.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Honorable Barry Ted Moskowitz
United States District Judge